pet-grt.frm
7/96

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CV258 |
| | ) | |
| ALVIN W. KELLER, JR., | ) | |
| | ) | |
| | ) | |
| Respondent(s). | ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with a request to proceed *in forma pauperis*. In reliance upon the representations set forth in the request, it appears that Petitioner is unable to pay the $5.00 filing fee for this action. Everything appears proper with the form of the Petition and an answer will be ordered.

Petitioner also requests that the Court stay a state criminal proceeding in Dare County, North Carolina. (Docket Entry 3.) In that proceeding, Petitioner is being prosecuted as a habitual felon based partly on the conviction that he is currently challenging in his Petition. The challenged conviction occurred in Forsyth County, North Carolina, in 2008. Petitioner cites 28 U.S.C. § 2251 as authority for this Court to stay the state proceeding. That statute states in pertinent part that:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a).

The Court should deny the stay for at least two reasons. First, the case in Dare County does not appear to represent a "matter involved in the habeas corpus proceeding" pending before the Court. Although the outcome of the habeas proceeding could affect the case in Dare County, that fact does not necessarily bring the Dare County case within the Court's power under § 2251(a). *See generally Jacob v. Houston*, No. 4:10CV3073, 2010 WL 5423344 (D. Neb. Dec. 23, 2010) (refusing to stay, albeit without discussion, a state civil case that could have been affected by a habeas petition[1]) (unpublished). Research has not revealed any authority construing § 2251 broadly enough to encompass the Dare County case.

Further, even if § 2251(a) were construed to give the Court authority to stay a separate state court criminal matter, a stay would not be appropriate in this case. In deciding whether to grant a stay under § 2251, the Court must consider whether Petitioner has made a showing of a likelihood of success on the merits. *See St. John v. State of N.C.*, 745 F. Supp. 1165, 1167-68 (W.D.N.C. 1990). Here, success by Petitioner actually appears unlikely because the

---

[1] The connection between the civil case and the habeas petition in *Jacob* is not actually set out in the denial of the motion to stay. However, the decision denying the stay identifies the civil suit as being brought against Jacob by the administrator of Melody Hopper's estate. *Jacob v. Houston*, No. 4:10CV3073, 2010 WL 5423344 (D. Neb. Dec. 23, 2010). Hopper was one of two persons whom Petitioner was convicted of murdering. *State v. Jacob*, 253 Neb. 950, 954-57, 574 N.W.2d 117, 126-28 (1998). Therefore, it does appear that the civil proceeding could have been affected by the habeas petition. Nevertheless, the civil proceeding was not stayed.

face of the Petition suggests that its claims are time-barred under 28 U.S.C. § 2244(d). Petitioner essentially admits that his Petition is not timely, but appears to seek equitable tolling of the statute of limitations. (Docket Entry 2, § 18.) A petitioner seeking equitable tolling must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Based on the arguments advanced in the Petition, it does not appear at this time that Petitioner will be able to establish either the required diligence or any extraordinary circumstance. A stay of a state court proceeding is not appropriate in such circumstances. Petitioner's motion to stay the criminal proceedings in Dare County should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's request to proceed *in forma pauperis* is **granted**. Respondent shall file an answer with this Court, pursuant to Rules 4 and 5, Rules Governing Section 2254 Cases, within 40 days of the issue of this Order.

**IT IS RECOMMENDED** that Petitioner's Motion for Stay of State Court Proceeding (Docket Entry 3) be **denied**.

                                                      /s/ L. Patrick Auld
                                                       **L. Patrick Auld**
                                              **United States Magistrate Judge**

April 14, 2011