IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LANCE ADAM GOLDMAN,                )
                                   )
            Petitioner,             )
                                   )
      v.                            )       1:11CV258
                                   )
ALVIN W. KELLER, JR.,               )
                                   )
            Respondent.             )

**ORDER, MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On May 16, 2008, Petitioner pled guilty in the District Court of Forsyth County to one count of attempting to obtain property by false pretenses in case 08 CR 53535. (Docket Entry 2, §§ 1, 2, 5, 6.) He then received a suspended sentence of six to eights months of imprisonment. (Id., § 3.) Petitioner filed no direct appeal (id., § 8), but did later seek collateral relief in the state courts (see id., §§ 10, 11).

On March 11, 2010, Petitioner filed a motion for appropriate relief in the District Court of Forsyth County, which was later denied. (Docket Entry 9, Ex. 2 at 2.) Petitioner then sought a writ of certiorari from the North Carolina Court of Appeals, which request was dismissed on December 14, 2010. (Id., Ex 4.) A subsequent petition for a writ of mandamus to the North Carolina Court of Appeals was denied on January 6, 2011. (Docket Entry 2, Exs. L., M.)

Petitioner then submitted his Petition to this Court, which is dated as having been signed and mailed on March 29, 2011 (Docket Entry 2 at 20)[1], and was received by the Court on April 4, 2011 (see id. at 1). Respondent has filed a Motion to Dismiss on Statute of Limitation Grounds. (Docket Entry 8.) Petitioner responded to that Motion (Docket Entries 12, 13) and Respondent replied (Docket Entry 14).

## Petitioner's Claims

Petitioner raises four claims for relief in his Petition. First, the Petition alleges that Petitioner received ineffective assistance of counsel because his attorney told him that he could not, based on the conviction in the present case, later be indicted as a habitual felon for a different charge then pending in Dare County. (Docket Entry 2, § 12, Ground One.) Petitioner claims that he was innocent and only pled guilty to end the case and get out of jail after his attorney advised him that the conviction would not make him a habitual felon in the Dare County case or generally. (Id.) Second, the Petition claims that an insufficient factual basis existed to support Petitioner's guilty plea. (Id. Ground Two.) Third, the Petition alleges that the guilty plea was unlawfully induced and not knowing and voluntary because of the misadvice by Petitioner's attorney regarding the habitual felon issue. (Id. Ground Three.) Fourth, the Petition asserts that "[n]ew evidence exists" that was not available at the time of his

---

[1] Page citations for this document refer to the pagination in the CM/ECF footer, rather than the preprinted pagination on the form document.

guilty plea, which arose from his attempt to cash a fraudulent check. (Id. Ground Four.) Specifically, Petitioner contends that he was actually the victim in the matter because he received the check in question after selling a television on Ebay and that scams related to internet sales were not well-known or understood at the time of his plea, but that they are now, such that he could not have proved his innocence at the time of his plea, but that he currently could. (Id.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[2] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

---

[2] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Turning first to § 2244(d)(1)(A), Petitioner's one-year limitation period under that subsection would have commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. In the present case, judgment was entered against Petitioner on May 16, 2008, and he did not appeal. As a result, his conviction became final, at the latest, 14 days later on May 30, 2008, when his time to file any possible appeal under North Carolina law expired. <u>See</u> N.C. R. App. P. 4(a)(2). His time to file under subsection (d)(1)(A) then began to run and expired a

year later on June 1, 2009.  The instant Petition was not signed and mailed until at least March 29, 2011, or more than 21 months after Petitioner's time for filing ended.

Petitioner did make post-conviction filings in the state courts and the one-year limitation period is tolled for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  However, Petitioner's time to file in this Court expired well before he made any state court filings in "2010."  (Docket Entry 2, § 11(a)(3).  Filings made after the limitations period has ended do not revive or restart it. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).  Therefore, the Petition is untimely under § 2244(d)(1)(A).

Petitioner next claims under § 2244(d)(1)(B) that he faced an unconstitutional State-created impediment to filing because North Carolina prisons do not contain law libraries and he was ignorant of the law.  Although Petitioner, like most prisoners, may not have legal knowledge or training, this condition is not State-created. As for the lack of law libraries in North Carolina, a mere lack of access to a law library does not constitute an unconstitutional impediment unless an inmate can show actual harm. Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000).  Petitioner cannot show harm because North Carolina Prisoner Legal Services (NCPLS) is available to prisoners in North Carolina in lieu of prison

libraries.  See Bounds v. Smith, 430 U.S. 817 (1977)(ruling that state only has an obligation to provide either prison law libraries or assistance from persons trained in the law), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996).  Also, Petitioner was eventually able to file and to pursue his motion for appropriate relief in the state courts and his Petition in this Court.  He does not explain how he managed to do this after the limitation period had expired, but could not do it before.  Section 2244(d)(1)(B) does not extend Petitioner's time to file.

As for § 2244(d)(1)(c) and (D), Petitioner does not claim reliance on any Supreme Court case decided after his conviction.  Therefore, subsection (d)(1)(c) does not apply.  Petitioner does, however, state that his fourth claim for relief is based on "new evidence."  (Docket Entry 2, § 12, Ground Four.)  To the extent this assertion represents an attempt to have § 2244(d)(1)(D) extend his time to file, it fails.  Petitioner argues that he was the victim of fraud, not the perpetrator.  The facts underlying that defense were in existence and would have been known to Petitioner at the time he pled guilty.  Petitioner contends internet scams of the sort to which he fell prey were not well-known in 2008, such that his defense would not have found as much acceptance then.  The ease or difficulty with which Petitioner could have defended his case by claiming to be a victim of fraud does not affect the existence of the underlying facts at the time he pled guilty.  Those facts did exist then and thus § 2244(d)(1)(D) does not apply.

-6-

Case 1:11-cv-00258-TDS-LPA   Document 22   Filed 07/16/12   Page 6 of 10

Petitioner further argues in one of his response briefs that he could not have discovered the factual predicate to his claims in a timely fashion because he did not have access to a law library or counsel. These matters have nothing to do with the factual, as opposed to legal, basis for his claims. The facts underlying Petitioner's claims all existed and could have been known to him through the exercise of reasonable diligence at the time his conviction became final. Subparagraph (D) does not provide Petitioner with more time to file and his Petition is untimely.

Petitioner tries to counter the untimeliness of his Petition by arguing that he was a layman without knowledge of the law, that he pursued his case with NCPLS, but that it "mixed up" his Forsyth County and Dare County cases, and that failing to decide his Petition on the merits would cause a "manifest injustice." These arguments appear to invoke the doctrine of equitable tolling.

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, "garden variety" negligence by counsel

does not serve as a ground for equitable tolling.  Holland, 130 S.Ct. at 2564.

The Petition asserts that Petitioner was denied assistance by NCPLS on January 11, 2009.  At that point, he still had nearly six months to file a petition in this Court and he knew that he had been denied assistance.  Still, he filed nothing in any court until 2010.  This does not show the diligence necessary to qualify for equitable tolling.

Petitioner's contention that NCPLS initially erred in declining representation because it confused his Forsyth County and Dare County cases does not alter this conclusion.  He points to letters which he received from NCPLS in April and May of 2010 that reference a "mix-up with [his] cases" and apologize "[i]f [NCPLS] misunderstood anything about [Petitioner's] Forsyth County cases." (Docket Entry 2, Exs. O, P.)  Even if these letters do demonstrate confusion by NCPLS, they do not help Petitioner.  NCPLS never agreed to represent him in the Forsyth County case, something Petitioner knew in January of 2009 every bit as much as he knew it later.  Moreover, NCPLS never changed its position declining to represent him in the Forsyth County case.  Further, no matter when Petitioner received notice of that fact, waiting for a response from NCPLS while the time to file in this Court expires does not generally entitle a petitioner to equitable tolling.  See Hood v. Jackson, No. 5:10-HC-2008-FL, 2010 WL 4974550 (E.D.N.C. Dec. 1, 2010)(citing cases); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. August 1, 2002) (Beaty, J., adopting

-8-

recommendation of Eliason, M.J.) (unpublished). Petitioner gives no reason why that general rule would lack application in this case.

Finally, Petitioner's contention that failing to review his Petition on the merits would result in a "manifest injustice" (Docket Entry 13 at 3) simply devolves into an argument that his claims have merit. The potential merits of a claim do not affect the timeliness analysis. See Rouse v. Lee, 339 F.3d 238, 251-52 (4th Cir. 2003). In the end, Petitioner is not entitled to equitable tolling, his Petition was filed out of time, and Respondent's Motion to Dismiss should be granted.

### Other Motions

Following the briefing of Respondent's Motion to Dismiss, Petitioner filed three further motions: a Motion for Appointment of Counsel (Docket Entry 17), a Motion for Leave to Conduct Discovery (Docket Entry 18), and a Motion for Expansion of Record (Docket Entry 19). Given the recommendation of dismissal set out above, Petitioner's Motions will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket Entry 17), Motion for Leave to Conduct Discovery (Docket Entry 18), and Motion for Expansion of Record (Docket Entry 19 are **DENIED.**

**IT IS RECOMMENDED** that Respondent's Motion to Dismiss on Statute of Limitation Grounds (Docket Entry 8) be granted, that the

Habeas Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action.

/s/ L. Patrick Auld  
**L. Patrick Auld**  
**United States Magistrate Judge**

Date: July 16, 2012